IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| FRANKLIN DAVID PARADISE, | ) |
| Plaintiff, | ) |
| v. | ) CV-97-PT-1317-M |
| PASSMORE MOBILE HOME TRANSIT, INC., GROUP HEALTH ADMINISTRATORS, INC., and KEYPORT LIFE INSURANCE CO., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This cause comes on to be heard on a slew of motions filed by the parties. Defendants Group Health Administrators, Inc. and Keyport Life Insurance Company have filed Motions to Dismiss Counts IV and V of the plaintiff's amended complaint. These defendants have also filed Motions to Strike the plaintiff's claim for punitive and/or extra-contractual damages and the plaintiff's demand for a jury trial. Plaintiff Franklin David Paradise, in turn, filed a Motion to Remand the case to the Circuit Court for Marshall County, Alabama.

### BACKGROUND AND CONTENTIONS

On August 31, 1995, Franklin David Paradise (Paradise) suffered injuries while working for Passmore Mobile Home Transit, Inc. (Passmore). On August 26, 1996, Paradise sued Passmore in the Circuit Court for Marshall County, Alabama. Paradise alleged that Passmore violated Alabama's workers' compensation act, that Passmore misrepresented the medical coverage extended to Paradise, and that Passmore breached its obligation to provide insurance to cover Paradise's medical expenses. Passmore did not remove the action.

On April 21, 1997, Paradise amended his complaint to add Group Health Administrators,

1



Inc. (GHA) and Keyport Life Insurance Co. (Keyport) as defendants.[1] Paradise alleged new counts for breach of insurance contract and bad faith refusal to pay (Counts IV and V). On May 28, 1997, GHA and Keyport filed a Joint Notice of Removal to this court. Passmore did not join the removal notice.

On May 30, 1997, GHA moved to dismiss Counts IV and V of the amended complaint because it contends that ERISA preempts the claims. Count IV of the complaint alleges that GHA breached a contractual obligation to pay for medical expenses. This contractual obligation, GHA contends, arises under an ERISA employee benefit plan. ERISA, GHA therefore claims, preempts the contract claim because it "relates to" an employee benefit plan. Count V alleges that GHA refused in bad faith to pay an insurance claim. Paradise bases this bad faith claim on benefits that he alleges stem from Passmore's group health insurance policy. GHA contends that ERISA also displaces this claim but that the court should dismiss it since no bad faith claim under ERISA exists. GHA also filed a Motion to Strike plaintiff's claim for punitive and/or extra-contractual damages and plaintiff's jury demand because ERISA provides for neither. On June 4, 1997, Keyport filed the same series of motions against Paradise.

On June 19, 1997, Paradise responded to these motions by filing a Motion to Remand. Paradise admitted that both the original complaint and the amended complaint were, in part, removable under ERISA's super preemptive powers. Paradise notes, however, that Passmore, the first served defendant, failed to remove the action within the required thirty days of receiving the summons and complaint. Paradise argues, therefore, that Passmore's failure timely to remove the action precluded removal by the later added defendants. This action, it claims, is thus due to be remanded. GHA and Keyport contend, however, that the claims against them are "separate and independent" from the claims alleged against Passmore. They thus argue that removal under 28 U.S.C. § 1441(c) does not require consent of all the defendants.

## ANALYSIS

The court will initially address the plaintiff's Motion to Remand because the court has no

---

[1] GHA is the claims administrator and Keyport is the underwriter for Passmore's employee benefit plan.

jurisdiction to decide the remaining issues if removal was improper. The court must first decide whether the plaintiff's original complaint against Passmore stated a removable claim. The court concludes that plaintiff's original complaint stated a claim under ERISA and was therefore removable. Paradise alleged that Passmore violated Alabama's workers' compensation act, that Passmore misrepresented the medical coverage extended to Paradise, and that Passmore breached its obligation to provide insurance to cover Paradise's medical expenses. The second and third counts, Paradise argues, were removable. The applicable rule states that ERISA preempts all state laws that "relate to any employee benefit plan." 29 U.S.C. § 1144(a)(1985). The Supreme Court has defined the key phrase "relate to" so that a state law claim relates to an employee benefit plan if it has a connection with or reference to an employee benefit plan. Shaw v. Delta Airlines, Inc., 463 U.S. 85, 96-97, 103 S. Ct. 2890, 2900, 77 L. Ed.2d 490, 501 (1983). The Court's broad interpretation has led it to conclude that ERISA preempts certain state tort and contract claims. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S. Ct. 1549, 95 L. Ed.2d 39 (1987).

The Eleventh Circuit's interpretation of ERISA preemption has been no less sweeping. In Amos v. Blue Cross - Blue Shield of Alabama, 868 F.2d 430, 431 (11th Cir. 1989), the court concluded that ERISA preempts "most state laws dealing with ERISA plans" including the plaintiff's bad faith refusal to pay, fraud, and breach of contract claims. In Farlow v. Union Central Life Ins. Co., 874 F.2d 791, 794 (11th Cir. 1989), the court, acknowledging that ERISA can preempt state common law actions, described the resulting dilemma as deciding when a party's state law claim "relates to" an ERISA plan. The court explained:

> . . . a state law cause of action 'relates to' an employee benefit plan if the employer's conduct giving rise to such claim was not 'wholly remote in content' from the benefit plan. A claim does not, however, relate to a plan even though the employer's conduct occurred contemporaneously with an alleged ERISA violation, unless the facts relating to the employee's failure to receive benefits are relevant to the state law claim.

Farlow v. Union Central Life Ins. Co., 874 F.2d 791, 794 (11th Cir. 1989) (citing Clark v. Coats and Clark, Inc., 865 F.2d 1237, 1243-44 (11th Cir. 1989).

Paradise's misrepresentation and contract claims, though couched in state law terms,

3

occurred "contemporaneous[ly] with" and were "intertwined with" Passmore's refusal to pay benefits under the employee benefit plan. See Farlow, 874 F.2d at 794. The conclusion that Paradise's claims relate to and have a connection to Passmore's employee benefit plan cannot, therefore, seriously be disputed. Otherwise, a plaintiff could always avoid removal by creatively drafting his complaint. The court accordingly concludes that ERISA preempts Paradise's misrepresentation and contract claims. Removal was, therefore, available under 28 U.S.C. § 1441(b).

The second issue becomes whether Passmore's failure to remove the action within the required thirty day period is binding on GHA and Keyport, defendants that Paradise sued by amended complaint. GHA and Keyport rely on 28 U.S.C. § 1441 (c) as the basis for removal here. That statute reads:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

The court concludes that the claims asserted against GHA and Keyport are not separate and independent from those asserted against Passmore and thus are not removable. Removal is a statutory right and strict construction of the removal statutes is necessary. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). The logical extension of that proposition is that the courts must resolve all doubts about the correctness of removal against removal.

In American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S. Ct. 534, 95 L. Ed. 702 (1951), the Court articulated the removal test under 28 U.S.C. § 1441(c). In Finn, a Texas resident sued two nonresident insurance companies and one resident agent in Texas state court for a fire loss. The plaintiff alleged that the agent failed to keep her property insured or that either of the insurance companies breached their insurance contract. The nonresident insurance companies removed the case under the purported authority of § 1441(c). One of the nonresident insurance companies was found liable and sought to vacate the judgment for improper removal.

The Supreme Court compared the "separate and independent claim" language from 28

4

U.S.C. § 1441(c) to the "separable controversy" language of the old removal statute. The Court noted that "separable controversy" under the old statute meant "any possible separate suit that a litigant might properly bring in a federal court so long as it was wholly between citizens of different states." Id. at 11, 71 S. Ct. at 538. The court further noted that the new "separate cause of action" restricts removal more than the old "separable controversy" language. Moreover, "the addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state court before allowing removal." Id. The Court concluded that an important reason Congress adopted the "separate and independent" language was to limit removal from state courts. Finn, 341 U.S. at 9, 71 S. Ct. at 538. The Court therefore adopted the following test for removal under 28 U.S.C. § 1441(c):

> . . . where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

Id. at 12, 71 S. Ct. at 539. Under the facts before it, the Court concluded that the damage stemmed from a single incident and that the plaintiff had not pled separate and independent claims against the various defendants.

The Eleventh Circuit has similarly construed § 1441(c) strictly. In Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277 (11th Cir. 1987)[2], insured parents sued an insurer and insurance broker in Alabama state court for medical and surgical benefits purportedly due from the insurer for treatment received by their child. The parents also asserted claims based on fraud and bad faith refusal to pay. The insurer removed the case to federal court. The Eleventh Circuit concluded that ERISA preempted the plaintiff's state law claims against the insurer and broker.

---

[2] The Belasco holding was called into question, if not overruled, on other grounds by Morstein v. National Ins. Services, Inc., 93 F.3d 715, 723 fn.10 (11th Cir. 1996). In Belasco, the court had concluded that ERISA preempted the plaintiffs' state law claims against an insurer. In Morstein, the court sought to "provide some clear guidance in the morass of ERISA preemption law." Morstein, 93 F.3d at 718. The court held that, "when a state law claim brought against a non-ERISA entity does not affect relations among principal ERISA entities as such, then it is not preempted by ERISA." Id. at 722. The court overruled all prior opinions to the extent they differed. Id. ERISA entities now include "the employer, the plan, the plan fiduciaries, and the beneficiaries under the plan." Id. In the present case, plan fiduciaries and the employer are involved. Morstein is thus inapplicable to the court's preemption discussion.

A resulting issue was whether the removal was improper under § 1441(c) due to the failure of the broker to join in the removal petition. Following the rule of American Fire & Casualty Co. v. Finn, the court reasoned:

> [Finn] significantly restricts the definition of 'separate and independent claims' for the purpose of section 1441(c). . . . This case, like Finn, appears to involve a 'single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, [so that] there is no separate and independent claim or cause of action under section 1441(c).

Belasco, 833 F.2d at 281. The court concluded that removal under § 1441(c) was improper.[3]

This court similarly concludes that Paradise has not pled separate and independent claims against GHA and Keyport from those pled against Passmore. Where the plaintiff asserts both federal and state causes of action stemming from a single wrong based on a common event or transaction, no separate and independent federal claim exists under § 1441(c). See American Fire & Casualty Co. v. Finn, 341 U.S. 6, 14, 71 S. Ct. 534, 540, 95 L. Ed. 702 (1951).[4] Here, a single accident happened, and Paradise filed state and federal claims based on that accident. Granted, Paradise has pled a workers' compensation claim that is not removable. Nevertheless, the remaining claims against all defendants simply state different legal theories on which Paradise seeks to recover from an interlocked series of transactions. That plaintiff pleads separate tort and contract claims is irrelevant. No real complete disassociation exists between the claims, that is, they originate materially from the same set of facts. To be separate and independent, the claims must spring from different sets of acts and different wrongs inflicted on the plaintiff. In the present case, Paradise asserts injuries stemming from the defendants' purported failure to provide benefits under an employee benefit plan after he suffered a work related accident. Naturally, the parties can take a highly restrictive reading of the statute and

---

[3] The court, however, allowed removal under 28 U.S.C. § 1441(b).

[4] The court acknowledges that some disagreement exists on the proper interpretation and application of § 1441(c) after the 1990 amendments to that section. In re City of Mobile, 75 F.3d 605 (11th Cir. 1996) (Birch, J., dissenting). The court is further aware that Finn was a diversity case and that the present action was removed on federal question grounds. The court does not view any inconsistency, however, in relying on Finn for interpretive guidance on the phrase "separate and independent." A difference exists between supplemental claims that are unrelated to the federal claim and those that are intertwined with the federal claim. The "separate and independent" phrase therefore still carries detached meaning after the 1990 amendments to § 1441(c).

dissect each claim for all factually distinguishing aspects. The court, however, concludes that such a reading is unnecessarily narrow and invites an inquiry into detailed, often immaterial, facts underlying each claim. A more general inquiry is called for at the remand stage. Where, as here, only a single wrong has purportedly harmed the plaintiff arising from an interlocked series of transactions, no separate and independent claim exists.

Paradise originally pled a removable cause of action against Passmore under ERISA. Passmore failed to remove the action. Paradise later amended his complaint to add two defendants under similar legal theories and facts. The new claims are not separate and independent from those asserted against Passmore. As such, Passmore's failure to remove the action is binding on the subsequently served defendants. The plaintiff's Motion to Remand will be granted. All related and pending motions will follow the case to the Circuit Court for Marshall County, Alabama for disposition.

This 16th day of July, 1997.

Robert B. Propst
Senior United States District Judge